**REVERSE AND REMAND; Opinion Filed April 30, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00577-CV

**SNIVELY ROYALTY ANALYSIS, LLC, Appellant**
**V.**
**RICHARD PANCHASARP, INDIVIDUALLY AND AS TRUSTEE FOR THE RICHARD J. PANCHASARP TRUST, Appellees**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-01759**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Schenck

Snively Royalty Analysis, LLC ("Snively LLC") appeals the trial court's take-nothing judgment in favor of appellees Richard Panchasarp, individually and as trustee for the Richard J. Panchasarp Trust ("Panchasarp"). In three issues, Snively LLC urges it provided sufficient evidence to withstand Panchasarp's no-evidence motion for summary judgment. For the reasons discussed below, we reverse the trial court's summary judgment in favor of Panchasarp and remand this case to the trial court for further proceedings consistent with this opinion. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

The factual and procedural background of this case is familiar to the parties and is discussed in further detail in our Court's prior opinion. *See Panchasarp v. Snively Royalty Analysis, LLC*, No. 05-17-00387-CV, 2018 WL 4103209, at *1 (Tex. App.—Dallas Aug. 29, 2018, no pet.) (mem. op.). Accordingly, we will limit our discussion to the facts necessary to resolve this appeal.

On February 19, 2013, Panchasarp signed an Engagement Letter with Snively LLC, pursuant to which Snively LLC contracted to review Panchasarp's current and past natural gas royalties for any past payment errors in exchange for fifty percent of the amount recovered. In March 2013, Victoria Snively, as president of Snively LLC sent to Chesapeake Energy Corporation ("Chesapeake") a letter that listed the wells owned by the Panchasarp Trust and advised Chesapeake that Snively LLC had been retained to review the natural gas royalties for Panchasarp. In May 2013, Chesapeake sent a check payable to the Panchasarp Trust, and Snively LLC sent an invoice to Panchasarp for fifty percent of the check amount. Panchasarp paid the invoiced amount to Snively LLC. No party disputes that the May 2013 check was generated as a result of Victoria Snively's March 2013 letter to Chesapeake. In November 2013, Chesapeake sent another check to Panchasarp. Snively LLC unsuccessfully attempted to collect fifty percent of the amount of this check from Panchasarp.

In February 2014, Snively LLC brought suit against Panchasarp for breach of contract, and Panchasarp counterclaimed for breach of contract and usury. Both sides filed motions for traditional summary judgment. In September 2016, the trial court granted summary judgment in favor of Snively LLC, dismissed with prejudice Panchasarp's counterclaim for breach of contract, and stated "[t]he only remaining issues for the jury to decide are [Snively LLC's] damages, [Snively LLC's] attorney's fees, and the usury counter-claim. After trial at which the trial court submitted to the jury only the parties' attorney fee claims, the trial court signed an amended final judgment awarding compensatory damages to Snively LLC.[1]

Panchasarp appealed that final judgment to this Court. We issued an opinion in which we reversed the trial court's summary judgment in favor of Snively LLC against Panchasarp and remanded the case to the trial court for proceedings consistent with our opinion. *See Panchasarp*, 2018 WL 4103209, at *1.

After the issuance of this Court's prior opinion, Panchasarp filed a motion for no-evidence summary judgment, arguing that this Court's opinion held that the prior

---

[1] Snively LLC also sued Hampton Holdings, LLC ("Hampton") and PF Partners, LLC ("PF Partners"), asserting both Hampton and PF Partners were parties to the Engagement Letter. The trial court's judgment awarded compensatory damages against Panchasarp and Hampton but not PF Partners.

Because this Court concluded in our prior opinion that Hampton was not a party to the Engagement Letter and rendered judgment that Snively LLC take nothing against Hampton, and Hampton did not appeal our decision, we need not discuss Hampton any further. *See Panchasarp v. Snively Royalty Analysis, LLC*, No. 05-17-00387-CV, 2018 WL 4103209, at *4, 8 (Tex. App.—Dallas Aug. 29, 2018, no pet.) (mem. op.).

As for PF Partners, we note that PF Partners did not appeal the trial court's amended final judgment in favor of Snively LLC. Accordingly, that judgment is final as to PF Partners, and we need not discuss that party any further. *See id.* at *1.

summary judgment record contained no evidence to support three essential elements of Snively LLC's claim for breach of contract. Snively LLC responded, relying upon "the materials accompanying [its] motion [and] all materials that have been previously filed or presented as evidence in this Cause." On February 18, 2019, the trial court signed an order granting Panchasarp's no-evidence summary-judgment motion and granting a take-nothing judgment against Snively LLC. Snively LLC filed motions for reconsideration and for new trial to which it attached additional evidence, but the trial court did not rule on either motion. Snively LLC timely filed its notice of appeal.

## DISCUSSION

In its first two issues, Snively LLC asks whether this Court's prior opinion reversing the trial court's grant of traditional summary judgment in Snively LLC's favor held that Snively LLC had produced legally insufficient evidence such that its claims could not survive a no-evidence motion for summary judgment. In its third issue, Snively LLC urges that on remand to the trial court it provided sufficient evidence to withstand a no-evidence motion for summary judgment as to its claim for breach of contract.

For both traditional and no-evidence motions, we view the evidence in the light most favorable to the nonmovant. *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 551 (Tex. 2019). To obtain a traditional summary judgment, a movant must produce evidence showing that no genuine issue of material fact exists and that

it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *id.* By contrast, Texas Rule of Civil Procedure 166a(i), which governs no-evidence motions for summary judgment, provides, "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *See* TEX. R. CIV. P. 166a(i). The nonmovant may raise a genuine issue of material fact by producing "more than a scintilla of evidence establishing the existence of the challenged element." *See Swanson*, 590 S.W.3d at 551.

In our prior opinion, we reviewed and ultimately reversed the trial court's grant of traditional summary judgment in Snively LLC's favor on its claim for breach of contract against Panchasarp. In that appeal, we considered whether Snively LLC, as the movant for traditional summary judgment, had met its burden to prove that no genuine issue of material fact existed and that it was entitled of judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *SeaBright Ins. Co. v. Lopez*, 465 S.W.3d 637, 641 (Tex. 2015). We concluded it had not and that a genuine issue of material fact existed as to whether the sending of the November check by Chesapeake was the result of Snively LLC's work.

In concluding there was a genuine issue of material fact, we considered Victoria Snively's deposition testimony that she had no personal knowledge of why Chesapeake decided to make further correction payments in November 2013. We also considered Victoria Snively's affidavit in which she testified, "Producers like Chesapeake Operating will make a series of payments to royalty owners in order to

–5–

accomplish the overall objective of restoring to them the full amount of royalty-underpayment error." We noted the record contained an email written by Ben Panchasarp, Richard Panchasarp's son, to Chesapeake in June 2013 in which he inquired regarding the "interests in the Berry wells, Panchasarp wells, all the Burleson Lakes Wells, and the 1st Baptist Church wells" and stated he "was concerned because there have been more expenses the last couple of years and . . . [wasn't] sure what other things that have been deducted on our proportionate interest in these wells."

In this appeal, because we are now reviewing the trial court's grant of a no-evidence motion for summary judgment, we review the evidence presented, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *See Gonzalez v. Ramirez*, 463 S.W.3d 499, 504 (Tex. 2015). In response to Panchasarp's no-evidence motion for summary judgment, Snively LLC relied on "the materials accompanying this motion; all materials that have been previously filed or presented as evidence in this Cause." After conducting our review of the record, we conclude Snively LLC produced more than a scintilla of evidence that its work caused Chesapeake to send the November check. *See Swanson*, 590 S.W.3d at 551. We further conclude none of the evidence considered by the trial court on remand would affect our prior opinion's conclusion that, "a genuine issue of material fact exists as

to whether the sending of the November checks by Chesapeake to [Panchasarp] was the result of Snively LLC's work." *See Panchasarp*, 2018 WL 4103209, at *8.

Accordingly, we sustain Snively LLC's issues.

## CONCLUSION

We reverse the trial court's grant of summary judgment in favor of Richard Panchasarp, individually and as trustee for the Richard J. Panchasarp Trust, and remand this case to the trial court for proceedings consistent with this opinion.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

190577F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SNIVELY ROYALTY ANALYSIS, LLC, Appellant

No. 05-19-00577-CV      V.

RICHARD PANCHASARP, INDIVIDUALLY AND AS TRUSTEE FOR THE RICHARD J. PANCHASARP TRUST, Appellees

On Appeal from the 191st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-14-01759. Opinion delivered by Justice Schenck. Justices Osborne and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant SNIVELY ROYALTY ANALYSIS, LLC recover its costs of this appeal from appellees RICHARD PANCHASARP, INDIVIDUALLY AND AS TRUSTEE FOR THE RICHARD J. PANCHASARP TRUST.

Judgment entered this 30th day of April, 2020.